# EXHIBIT B
# 1:20-CV-01230

11/10/2020 2:44 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-006818
Victoria Benavides

CAUSE NO. D-1-GN-20-006818 _____

| | | |
|---|---|---|
| ROSA MARIA PARDO, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | 261ST |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| WAL-MART INCORPORATED | § | |
| *Defendant.* | § | TRAVIS COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, ROSA MARIA PARDO, hereinafter called "Plaintiff," complaining of Wal-Mart Incorporated, hereinafter referred to as "Defendant" and for cause of action would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.00    Plaintiff desires that discovery be conducted under Discovery Level 3 pursuant to Tex. R. Civ. P. 190.4. Plaintiff will attempt to enter into an agreed discovery control plan with Defendant. However, failing an agreement on the issues, Plaintiff requests that the Court enter an appropriate discovery control plan tailored to the specific facts and circumstances of this lawsuit.

## II.
## STATUS OF PARTIES AND SERVICE

2.00    Plaintiff, Rosa Maria Pardo, is an individual who resided in Williamson County, Texas at the time of the incident. The last three numbers of Plaintiff's driver's license number are 194. The last three numbers of Plaintiff's social security number are 708.

2.01    Defendant Wal-Mart Incorporated, is authorized to do business in Texas and my be served with process by serving its Texas registerd agent for service of process: C T Corporation System 1999 Bryan Street, Suite 900 Dallas, Texas, 75201 or whenever they may be found by private process server. *Issuance of citation is requested at this time.*

## III.
## JURISDICTION AND VENUE

3.00    Jurisdiction and Venue are proper in Travis County, Texas, pursuant to Texas Civil Practices and Remedies Code §15.002 (a)(1), in that  County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.01    This Court has jurisdiction over this cause of action because Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court and all conditions precedent have been performed or have occurred.

3.02    No federal question exists and complete diversity of citizenship fails to exist.

## IV.
## FACTS

4.00    On April 28, 2019, Plaintiff, Rosa Maria Pardo went to Walmart located at 2701 I-35, Round Rock, TX 78664. While at Walmart, Plaintiff, Rosa Maria Pardo was at the customer service area, she takes a step, and she slipped and fell on water that was on the floor. Plaintiff, Rosa Maria Pardo fell onto her back and felt immediate pain.  There were no wet floor signs or any indication that would let a customer know to take caution around that area.

4.01    Defendant's failure to maintain safe premise conditions constituted negligence and gross negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages.

## VI
## NEGLIGENCE OF DEFENDANT

5.00    Plaintiff alleges that, upon the occasion in question, Defendant, by and through its employees, failed to use ordinary care by various acts and omissions in at least the following ways:

a.    Failure to keep the premises reasonably safe for customers and employees;
b.    Creating an unreasonably dangerous condition;
c.    Failure to keep their premises reasonably safe for others;
d.    Failure to ensure that its employees reduce or eliminate any unreasonably dangerous conditions;
e.    Failure to give adequate and comprehensible warnings to Plaintiff of the unreasonably dangerous condition;
f.    Failure to recruit, select, and hire competent employees capable of locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions;
g.    Failure to adequately train its employees in locating, preventing, reducing, eliminating, and warning about unreasonably dangerous conditions; and
h.    Failure to adequately supervise its employees to ensure they are locating, preventing, removing, and warning about dangerous conditions.

5.03    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, which proximately caused the slip and fall and Plaintiff's injuries and other

losses as specifically set forth herein.

5.04    At all relevant times herein, all of the agents, servants, or employees of Defendant who were in any way connected to this suit were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, the acts or omissions of those agents, servants, or employees are attributable to Defendant and render Defendant liable for all damages suffered by Plaintiff under the doctrine of respondeat superior.

## VII.
## DAMAGES

6.00    As a direct and proximate result of the negligent conduct of Defendant, Plaintiff suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the incident. The injuries are likely to be permanent in nature. The injuries have had an effect on Plaintiff's health and well-being. As a further result of the nature and consequences of these injuries, Plaintiff has suffered and will likely continue to suffer physical pain and mental anguish in the future.

6.01    As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention in the past and is likely to incur medical expenses in the future to treat these injuries.

6.02    Plaintiff respectfully requests that the trier of fact determine the amount of damages and losses for:

        a.  Pain and suffering in the past;
        b.  Pain and suffering in the future;
        c.  Mental anguish in the past;
        d.  Mental anguish in the future;
        e.  Past medical expenses; and
        f.  Future medical expenses.

6.03    Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00), including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VIII.
## INTEREST

7.00    Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## IV.
## DESIGNATED E-SERVICE EMAIL ADDRESS

8.00    The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: guilherme@texasjustice.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## X.
## REQUEST FOR DISCLOSURE TO DEFENDANTS

9.00    Plaintiff requests that Defendant disclose the information contained in Tex. R. Civ. P. 194.2(a) through (l) within 50 days of the date this matter is served upon Defendant.

## XII.
## NOTICE OF SELF-AUTHENTICATION

10.00   Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document or things in response to Plaintiff's written discovery authenticates the document for use against the Defendant in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer, and on final trial hereafter, Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, for compensatory damages, and for such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

*/s/*Guilherme Vasconcelos
**DC LAW, PLLC**
Guilherme Vasconcelos
SBN: 24105728
guilherme@texasjustice.com
1012 W. Anderson Ln.
Austin, Texas 78757
T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

**WRITTEN DISCOVERY FOR DEFENDANT IS ATTACHED
HERETO AS EXHIBIT 'A'**

# EXHIBIT "A"

# WRITTEN DISCOVERY TO
# DEFENDANT WAL-MART INCORPORATED

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

---

Plaintiff, Rosa Pardo, serves these his First Set of Interrogatories upon Defendant, Wal-Mart, pursuant to TEX. R. CIV. P. 197. Defendant must serve a written response to the requesting party no later than fifty (50) days after the date these interrogatories are served upon Defendant. *See* TEX. R. CIV. P. 197.2(a). Defendant is further requested to supplement all answers to this First Set of Interrogatories as required by the TEXAS RULES OF CIVIL PROCEDURE.

**Respectfully Submitted,**

*/s/*Guilherme Vasconcelos
**DC LAW, PLLC**
Guilherme Vasconcelos
SBN: 24105728
guilherme@texasjustice.com
1012 W. Anderson Ln.
Austin, Texas 78757
T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

**Definitions for Interrogatories:**

As used in these Interrogatories, the words and terms set forth below shall mean:

[1.1]   "Plaintiff," when used, refers to Rosa Maria Pardo.

[1.2]   "You," "Your," "Yourself," or "Defendant" mean: Wal-Mart Incorporated, and their attorneys, insurers, employees, agents and representatives.

[1.3]   "Document," "documents," and "documentation" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all log books, agreements, contracts, communications, correspondence, letters, telegrams, facsimile transmissions, telexes, messages, memoranda, records, reports, books, summaries, or other records of personal conversations, minutes, or summaries, or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bill statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.

[1.4]   "Statements" includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

[1.5]   "Identify" or "Identification":

(1)   When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(2)   When used in reference to a public or private corporation, governmental entity,

partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its chief executive officer and telephone number.

(3)  When used in reference to a document, "identify" or "identification" shall include statement of the following:

(a)  The title, heading, or caption, if any, of such document;

(b)  The identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary, to an understanding of the document and evaluation of any claim of protection from discovery;

(c)  The date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(d)  The number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(e)  The name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(f)  The name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(g)  The physical location of the document and the name of its custodian or custodians.

[1.6]  "Location in Question" refers to the Wal-Mart located at 2701 I-35, Round Rock, Texas 78664.

[1.7]  "Incident in Question" refers to the incident or incident in Question described in the Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**INTERROGATORY NO. 1:** Please state the full name, address, job title and employer of each person answering and assisting in answering these Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** State the name and address of the person or entity who owned, was in possession or exclusive possession and/or control of the Location in Question at the time of the Incident in Question.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify all experts who may be called as a witness in this case or whose work product formed the basis, either in whole or part, of the opinions of any experts who may be called as a witness. With respect to each such expert, specify the following:

  a. The subject matter upon which the witness is expected to testify including his/her impressions and opinions;
  b. All facts know to the expert which relate or form the basis of the expert's mental impressions or opinions; and
  c. All documents, communications, and other tangible things used by, prepared by, prepared for, or furnished an expert in anticipation of the expert's trial or deposition testimony, including all tests and calculations done by the expert or reviewed by him/her, whether or not such tests or calculations form the basis of his/her opinion.

**ANSWER:**

**INTERROGATORY NO. 4:** If you, or anyone acting on your behalf, know of any oral, written or recorded admission or any type by the Plaintiff pertaining to this suit, please identify the nature of each admission, the content of each admission, whether it was oral, written or recorded, the circumstances under which each was made, the name, address and telephone number of each person who was present when each was made, the date and location of each admission, and who has possession of each written or recorded admission.

**ANSWER:**

**INTERROGATORY NO. 5:** Please state the contents of any settlement, contribution, or indemnity agreement made with any other person or entity as a result of the incident made the basis of this suit, including the names of the parties involved and the details of each agreement, including the amount.

**ANSWER:**

**INTERROGATORY NO. 6:** Prior to the present case, please state the name and address of each person who has ever sued you or has ever written or caused another to write any letter threatening to sue you for incidents or events involving the Location in Question. With respect to prior lawsuits or threats of a lawsuit, specify the following:

a.    The nature of the lawsuit or threatened lawsuit;
b.    The name of any attorney who represented you and any other person in the lawsuit(s);
c.    The name of any and all experts hired;
d.    The name of any and all employees, past or present, who have given a deposition, including the date(s) of deposition;
e.    The final disposition of each suit or threatened suit; and
f.    State the style, cause number, and court of each suit filed.

**ANSWER:**

**INTERROGATORY NO. 7:** Please describe in detail any previous and/or subsequent incidents of which Defendant is aware which occurred in substantially the same way as the Plaintiff's incident or in the same or nearby location.

**ANSWER:**

**INTERROGATORY NO. 8:** Please describe in detail any changes made by the Defendant, employees, or agents, in the physical site of the incident before and after the occurrence in question. If the Defendant corrected, repaired or fixed or attempted to keep the premise safe in any way, please state the efforts taken and/or what the cost of repair was, the date the repairs were done, and the name, address and telephone number of the person or firm carrying out such repair work.

**ANSWER:**

**INTERROGATORY NO. 9:** If Defendant, Defendant's corporate representative, employee or agent has given a statement to anyone other than Defendant's attorney with respect to the occurrence in question, please state the name, address and telephone number of the person to whom such statement was given, the date on which the statement was given, the substance of such statement and whether such statement was a written or an oral statement.

**ANSWER:**

**INTERROGATORY NO. 10:** Was it a regular course of business of the Defendant to conduct a post-incident investigation into an incident of this sort or to complete an incident report, whether or not litigation was anticipated? If so, state whether an investigation was conducted, the date(s), full descriptions of the investigation(s), who conducted the investigation(s) or completed the incident report, the findings or conclusions of the investigation(s), and where such investigative or incident reports are now located. If you are claiming privilege as to any investigation based on its allegedly being done in anticipation of litigation, describe specifically what you are relying on to establish that you had reason to believe the litigation would ensue, including what overt acts or statements were made by Plaintiff or someone acting on behalf of the Plaintiff.

**ANSWER:**

**INTERROGATORY NO. 11:**  Do you contend that the Plaintiff has done anything or failed to do anything that constitutes a failure to mitigate damages? If so, please describe the basis of your contention and what evidence exists to support same.

**ANSWER:**

**INTERROGATORY NO. 12:**  If you have alleged that someone else's conduct or some other condition, disease, injury or event was the "sole proximate cause" of the incident in question, describe in detail the identity of such other person, event or condition, be it pre-existing or subsequent disease or injury.

**ANSWER:**

**INTERROGATORY NO. 13:**  What is Defendant's contention as to the Plaintiff's legal status on the premises at the time of the Incident in Question that is whether Plaintiff was a business invitee, licensee or trespasser?  If you contend that Plaintiff was not a business invitee at the time of the Incident in Question, please state and describe each fact, document or thing on which you base such a contention.

**ANSWER:**

**INTERROGATORY NO. 14:**  Please state whether the Defendant was aware of the condition and what efforts Defendant made to repair or warn of the condition which the Plaintiff alleges to be the cause of the Incident in Question.

**ANSWER:**

**INTERROGATORY NO. 15:**  What is the Defendant's contention as to Plaintiff's knowledge prior to the Incident in Question, objective or subjective, of the condition which Plaintiff alleges to be the cause of the Incident in Question.

**ANSWER:**

**INTERROGATORY NO. 16:**  State the name, address, and telephone number of all persons who were responsible for maintaining or repairing the condition of Defendant's facility located at the Location in Question, prior to the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 17:**  State the name, address, and telephone number of all persons who were responsible for maintaining or repairing the condition of the Location in Question, prior to the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 18:** Please state the name, job title, address and telephone number of each employee and/or agent on duty at the facility located at facility located at the Location in Question, at the time of the incident made the basis of this lawsuit. Please also indicate whether or not said employee is currently employed by you.

**ANSWER:**

**INTERROGATORY NO. 19:** Please identify all devices at the Location in Question available to be used to warn people of conditions such as the condition made the basis of this suit, where such devices were stored, who had access to such devices, and which were used to warn Plaintiff of the condition at the Location in Question on the date of the incident in question. If no such devices were used to warn Plaintiff, then please state why such devices were not used.

**ANSWER:**

**INTERROGATORY NO. 20:** If it is your contention that any individual or party other than your entity may have been responsible or culpable for the incident in question, explain why another individual or party other than your entity would be more responsible than you for maintaining the area in question and/or for repairing the air conditioner in question.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify the person or company that repaired the condition. Further, identify when the condition was repaired, the cost, the nature of the repairs, and who was responsible for ordering, monitoring and paying for the repair.

**ANSWER:**

**INTERROGATORY NO. 22:** What is the Defendant's contention as to Rosa Pardo's knowledge (before the accident), objective or subjective, of the wet floor which the Plaintiff alleges to be the cause of the occurrence in question?

**ANSWER:**

**INTERROGATORY NO. 23:** State the name, address, and telephone number of the person or people who were responsible for managing the Wal-Mart in question on 4/28/2019.

**ANSWER:**

**INTERROGATORY NO. 24:** Please state the name, address and telephone number of each employee and/or agent on duty at the time of the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 25:**  Please list the names, addresses and telephone numbers of all managers or persons having supervisory authority at the location in question for the five (5) years prior to the occurrence in question made the basis of this lawsuit.

**ANSWER:**

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Plaintiff, Rosa Maria Pardo, serves the following Requests for Production pursuant to Tex. R. Civ. P. 196 upon Defendant, Wal-Mart Incorporated. Plaintiff requests that Defendant produce for inspection and/or copying the documents or tangible things described below. All of said documents and tangible things are to be produced according to the definitions, conditions, and instructions set forth below. Responses to these requests are due within fifty (50) days of the date Defendant is served with these Requests.

Respectfully Submitted,

/s/Guilherme Vasconcelos
**DC LAW, PLLC**
Guilherme Vasconcelos
SBN: 24105728
guilherme@texasjustice.com
1012 W. Anderson Ln.
Austin, Texas 78757
T: (512) 220-1800
F: (512) 220-1801
*Attorney for Plaintiff*

**Definitions for Requests for Production:**

As used in these Requests for Production, the words and terms set forth below shall mean:

[1.1]   "Plaintiff," when used, refers to Rosa Pardo.

[1.2]   "You," "Your," "Yourself" or "Defendant," as used herein, mean: Wal-Mart Incorporated its attorneys, insurers, employees, agents and representatives.

[1.3]   "Document," "documents," and "documentation" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all log books, agreements, contracts, communications, correspondence, letters, telegrams, facsimile transmissions, telexes, messages, memoranda, records, reports, books, summaries, or other records of personal conversations, minutes, or summaries, or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bill statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.

[1.4]   "Location in Question" refers to the Wal-Mart located at 2701 I-35, Round Rock, Texas 78664.

[1.5]   "Incident in Question" refers to the incident or incident in Question described in the Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**Instructions for Requests for Production:**

[2.1]   Data compilations, information recorded or microfilmed, microfiche, or tapes, discs, or other electronically recorded or stored materials or information must be produced in a form which permits the undersigned attorney to examine the same without aid or special equipment.

[2.2]   Documents and other tangible things produced in response to these requests should be clearly marked or labeled to correspond with each request numbered below.

[2.3.]   If any request set forth below "overlaps" another Request, so as to call for the same documents or tangible things, it shall be sufficient response to state under the "overlapping request" that the items have been produced. In such case, the request (where production was made) shall be specifically identified. Thus, where a document or tangible thing has been produced under a request, identical copies of the same document or thing need not be produced again unless it contains different markings, additions, or deletions or its content form, or makeup, is distinguishable in any manner.

[2.4]   In order to assure that each item or thing requested is described with reasonable particularity, clarifying information is included under certain requests herein below set forth. In such case, the additional information either summarizes the central gist of the request or more specifically describes the document or things sought.

**Place and Date for Production**

[3.1]   Place: The documents and tangible things requested are to be produced at the DC Law, PLLC, 1012 W. Anderson Ln., Austin, TX 78757 during regular business hours, within fifty (50) days after receipt of this request. If the documents and tangible things subject to this request are so voluminous and unwieldy so as to make physical delivery to Plaintiff's attorney's office impractical or unduly burdensome, Plaintiff is willing to entertain discussions regarding an alternative place for production.

1.  Copies of any and all statements previously made by Plaintiff concerning the subject matter of Plaintiff's Petition, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by Defendant hereto and contemporaneously recorded.

2.  All photographs, negatives, film, slides, videotape, or movies of Plaintiff and/or any other party involved in the Incident in Question mentioned in Plaintiff's First Amended Petition which were taken within the last five (5) years. This request necessarily includes, but is not limited to, all photographs taken either before or after the Incident in Question of the units and property involved in the Incident in Question.

3.  All correspondence, including enclosures, providing factual information or dates relevant to this lawsuit between Defendant's attorney and any person who may be called as an expert witness.

4.  Any and all work papers, notes and documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or will be relied upon in whole or in part by a testifying expert.

5.  A curriculum vita or resume for each individual whom Defendant may call as an expert witness at the trial of this case.

6.  All documents or tangible things prepared by any expert whom Defendant expects to call as a witness, including but not limited to those which would include their reports, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

7.  A copy of Defendant's entire employee file.

8.  Any and all documents pertaining to Plaintiff's claim in the possession or control of the Defendant. This is not limited to the "claims file" but will also include, but not be limited to, all notes, log entries, correspondence, internal memos, e-mail, evaluations and investigations.

9.  Copies of all training manuals, claims manuals, instructions, memos, protocols, newsletters, magazines, and handbooks issued by Wal-Mart to its agents, employees, supervisors and management personnel, including, but not limited to Rosa Pardo, whether issued on paper, video, audio, or other form or stored on computer, diskette, or other electronic media.

10. All documents not prepared specifically by or for Defendant's consulting expert containing any description or account of how the Incident in Question occurred, including any documents created by any law enforcement officials.

11.  Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be responsible for payment of the damages sustained by Plaintiff as a result of the Incident in Question.

12.  Any contract or document of any type evidencing any agreement of compromise, settlement, release, covenant not to sue, "Mary Carter" agreement or any other kind of settlement, agreement, understanding, or deal any party or potential party to this lawsuit has with any other person, firm, corporation, party or potential party with respect to the subject matter of Plaintiff's Petition, any testimony to be provided during the course of this lawsuit, or any other matter concerning the handling of discovery or the trial of this lawsuit. This includes any past, present and future settlements, deals, agreements, understandings, or conduct by or between Defendant (or its attorneys) and any other person or entity whatsoever (or their attorneys).

13.  Copies of any witness statements that pertain to the Incident in Question that are not privileged by law.

14.  Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may give a bearing on this cause of action.

15.  Copies of any documents or statements which any witness of the Defendant will use or you anticipate may use to refresh his/her memory, either for deposition or trial.

16.  All employee time sheets or other records which would show the individuals working at the Location in Question, on the day of the Incident in Question. This request is limited to employees of the Defendant and independent contractors whose services were retained by the Defendant on the day of the Incident in Question and necessarily includes Rosa Pardo.

17.  Any documents showing disciplinary action taken against any employees, agents, representatives, or independent contractors of Wal-Mart Incorporated, for the incident which forms the basis of the Plaintiff's Petition.

18.  Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

19.  Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case, but which may be used as demonstrative evidence at trial.

20.  The entire claim and investigation file of Defendant, Defendant's attorney, agent or insurers relevant to the incidents made the basis of Plaintiff's Petition.

21.  Any documents regarding injuries from people falling down at the Location in Question.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lori Cohen on behalf of Guilherme Vasconcelos
Bar No. 24105728
lori@texasjustice.com
Envelope ID: 47979057
Status as of 11/10/2020 4:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lori Cohen | | Lori@TexasJustice.com | 11/10/2020 2:44:43 PM | SENT |
| Guilherme Vasconcelos | | Guilherme@texasjustice.com | 11/10/2020 2:44:43 PM | SENT |